590 A.2d 677

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
THOMAS R. KENISON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 11, 1991—Decided April 5, 1991.

Before Judges PETRELLA and BROCHIN.

*Paul C. Cavaliere III*, argued the cause for appellant (*Cavaliere & Cavaliere*, attorneys; *Paul C. Cavaliere III*, on the brief).

*Susan W. Sciacca*, Assistant Prosecutor, argued the cause for respondent (*John J. Fahy*, Bergen County Prosecutor, attorney; *Susan W. Sciacca*, of counsel and on the brief).

PER CURIAM.

Defendant Thomas R. Kenison appeals from the Law Division's affirmance, after a trial *de novo*, of his municipal court conviction of open lewdness (a disorderly persons offense) in the public rest room at the Vince Lombardi service area on the New Jersey Turnpike on October 16, 1988, in violation of *N.J.S.A.* 2C:14–4. After the finding of guilt in the Law Division, the judge imposed essentially the same fines, costs and penalties as assessed in the municipal court, *i.e.*, a $1,000 fine, $25 court cost and a $30 Violent Crimes Compensation Board penalty, but vacated the 30 day jail sentence imposed in the municipal court.

The Law Division judge also denied Kenison's preliminary motion which challenged the procedures for the swearing of the complaint-summons.

On his appeal, Kenison argues:

I.   The complaint should have been dismissed inasmuch as the constitutional rights of the defendant have been violated in the process of making and swearing out of the complaint and summons.

II.   The State has failed to meet its burden of proving the elements of the offense beyond a reasonable doubt entitling the defendant to a judgment of acquittal, and the defendant has met his burden of proving by a preponderance of the evidence that he was entrapped into committing an act which the State now charges as being violative of the Criminal Code, and accordingly is entitled to a judgment of acquittal.

We have considered Kenison's contentions in light of the record and the arguments presented and conclude that they are without merit.   *R.* 2:11–3(e)(2).

We affirm the denial of Kenison's motion to dismiss the complaint substantially for the reasons expressed in the comprehensive written opinion of Judge Kole dated February 6, 1990, reported at 248 *N.J.Super.* 221, 590 *A.*2d 708 (Law Div.1990).

With respect to the conviction of open lewdness, Judge Kole made extensive findings and conclusions in his March 23, 1990 letter opinion.   The record supports his determination of Kenison's guilt of the offense charged and the sentence imposed, and there is no basis to disturb his findings or the conviction. *State v. Johnson*, 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964).

Affirmed.